hPLOTKIN, J.,
dissenting with written reasons.
I respectfully dissent from the majority decision affirming the trial court judgment that awarded plaintiff, Felipe Lopez, *889 workers’ compensation benefits, as well as attorney fees and costs. Because the workers’ compensation judge ■ committed manifest error when she found that Mr. Lopez did not forfeit his right to receive compensation when he stated on the stand that he had not suffered a subsequent similar accident, I would reverse the trial court judgment.
LSA-R.S. 23:1208 provides, in pertinent part, as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under the Chapter.
The above statute has been interpreted by the Louisiana Supreme Court on only one occasion, Resweber v. Haroil Construction Co., 94-2708 (La.9/5/95), 660 So.2d 7, in which the court stated as follows:
Section 1208 is clear and unambiguous and as such will be applied as written. La.Civ.Code art. 9; La. R.S. 1:4. Section 1208 clearly applies to any willful false statements or representations made “for the purpose of obtaining or defeating any benefit or payment.” Section 1208 has no language limiting it to only certain types of false statements, i.e., statements other than those relating to prior injuries. The legislature has imposed no notice requirement in Section 1208, apparently being of the opinion that any claimant should be on notice that false statements made willfully for the purpose of obtaining workers’ compensation benefits will not be tolerated and will result in [ ¡¿he forfeiture of those benefits. The only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment.
Our conclusion is further buttressed by the legislative history of Section [] 1208.... The history of Section 1208 indicates a clear legislative intent to prevent and discourage fraud in relation to workers’ compensation claims, and Section 1208 should not be subjected to a strained interpretation which would undercut that legislative intent. Prior to 1989, Section 1208 required a criminal conviction under its provisions before the employee forfeited his benefits. However, the legislature eliminated the necessity of a criminal conviction as a prerequisite for a claimant’s forfeiture of benefits by amending Section 1208 to require only a “violation” of the Section. 1989 La. Acts No. 454. Thus, the legislature chose to make it easier to establish grounds for a claimant’s forfeiture of benefits. H. Alston Johnson, Workers’ Compensation, Developments in the Law, 50 La.L.Rev. 391, 401 (1989). A 1992 amendment to Section 1208 added civil penalties to the criminal penalties and made clear that a hearing officer is to determine whether a claimant violated the section, Acts No. 763. See generally, Denis Paul Luge, Louisiana Workers’ Compensation § 6:3 (1995). The legislature has determined workers’ compensation fraud is a severe and growing problem and has continually amended Section 1208 to make it easier to enforce and to make the penalties stiffer. It is clear from the history of the statute that the legislature intended that any false statements or representations willfully made for the purpose of obtaining benefits would result in forfeiture of those benefits, and this legislative intent cannot be ignored.
Id. at 7-8, 660 So.2d at 12-13.
In the instant case, it is undisputed that Mr. Lopez made a false statement or mis *890 representation. The workers’ compensation judge noted at the beginning of the trial that Mr. Lopez sought compensation benefits from the date of his injury, December 24, 1997, until January of 1999; Mr. Lopez’s attorney confirmed those dates. The record reveals that Mr. Lopez reported a remarkably similar injury to the one giving rise to this case on August 5, 1998, while he was working for Ceco Concrete Construction Company. Nevertheless, Mr. Lopez stated at trial both that he had not been injured on any job following the December 24, 1997, accident at Home [.^Furnishings Co., and that he had not received medical treatment during that time.
Thus, the only issues before the workers’ compensation judge were whether the false statement or misrepresentation was willful and whether it was made for the purpose of obtaining compensation. The workers’ compensation judge orally explained her conclusion that Mr. Lopez’s statements were not made willfully for the purpose of obtaining benefits as follows:
The Court does not know that Mr. Lopez did make a false statement regarding the accident that occurred at Seco [sic], however, I find it was not for the purpose of obtaining benefits. And I’ll even go a step further to say he was not working, so he wouldn’t have been entitled to benefits. And he did not know the law, so I don’t think he had an intent to try to get benefits when he testified that he was unaware, or testified that he had not sustained an injury. And he did testify there was some problems with his back while he was working at Seco [sic], and he did get medical attention for that.
So as such, the Court does not find he has violated 1208 for the purposes of obtaining benefits.
Record, pp. 120-21. The majority characterizes the workers’ compensation judge’s decision as follows: “On the record, the trial court explained that it did not believe Mr. Lopez understood the workers’ compensation laws sufficient to form the requisite intent to defraud.” The majority finds no manifest error in that ruling.
However, nothing in LSA-R.S. 28:1208 requires that a workers’ compensation judge find that the claimant had an intent to defraud prior to ordering forfeiture of benefits. Although the Resweber court explained the legislature’s actions by stating that “workers’ compensation fraud is a severe and growing problem,” the statute itself does not actually address fraud, which does require specific intent, but only the lesser category of false statements or misrepresentations. More importantly, as specifically noted by the Louisiana Supreme Court in Resweber, “[t]he legislature has imposed no notice requirement in Section 1208, apparently being of the opinion that any claimant should be on notice that false statements made willfully for the purpose of obtaining workers’ | compensation benefits will not be tolerated and will result in the forfeiture of those benefits.” 94-2708 at 7, 660 So.2d at 12. Not only does the statute not require that the claimant be put on notice that a false statement will result in forfeiture, it does not require that the claimant be familiar with the Louisiana workers’ compensation laws. Thus, the workers’ compensation judge’s statement that Mr. Lopez “did not know the law” has no bearing on this case.
Close review of the record evidence in this case, in light of LSA-R.S. 23:1208, especially as interpreted in Resweber, reveals that Mr. Lopez did indeed willfully make a false statement or misrepresentation for the purpose of obtaining workers’ compensation benefits. The accident reported by Mr. Lopez at Home Furnishing Company was virtually identical to the accident he reported at Ceco Concrete. Moreover, the accident was reported during the period of time for which Mr. Lopez sought benefits. Mr. Lopez must have known that evidence concerning the second accident would cast doubt on the validity of his workers’ compensation claim, both because of the similarities between *891 the two accidents and because the second accident occurred during the period for which he sought benefits. Neither the fact that Mr. Lopez was forthcoming with information about his work history during the period, nor the fact that the workers’ compensation judge did not award him benefits for the period after he went to work for the employer immediately subsequent to Home Furnishings Company justifies Mr. Lopez’s false statement concerning the second accident.
As noted by the Supreme court in Re-sweber, the intent of the 1989 and 1992 Louisiana Legislatures in amending LSA-R.S. 23:1208 was to make it easier for an employer to establish forfeiture of benefits by a workers’ compensation claimant. 94-2708 at 7, 660 So.2d at 12. The statute is clear and unambiguous and thus should be applied as written. Id. Because that legislative intent should not be ignored, the statute should not be subjected to the type of strained interpretation | ¡¡imposed by the workers’ compensation judge and the majority. Accordingly, I would find that Mr. Lopez forfeited all rights to workers’ compensation benefits when he made his false statement and dismiss his claim.